Filed 12/21/23 Zamano v. ISS Facility Services CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| JUAN ZAMANO,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>ISS FACILITY SERVICES, INC.<br><br>   Defendant and Appellant. | 2d Crim. No. B323210<br>(Super. Ct. No. 56-2020-00547965)<br>(Ventura County) |

ISS Facility Services, Inc. (ISS) appeals an order denying its motion to compel arbitration of Juan Zamano's claims for civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 (PAGA).  (Lab. Code, § 2698 et seq.)[1]  We affirm.

---

[1] All statutory references are to the Labor Code unless otherwise stated.

*FACTUAL AND PROCEDURAL HISTORY*

Zamano was employed by ISS from October 26, 2018, to March 28, 2019. ISS is a nationwide janitorial company and Zamano worked as a custodian at a Thousand Oaks business.

At the inception of his employment, Zamano executed a three-page "Mutual Agreement to Arbitrate Claims" (Agreement) drafted by ISS. The Agreement provided that the Federal Arbitration Act (FAA) governed the agreement. The Agreement also stated that, "[e]xcept as otherwise provided in this Agreement," the Agreement applied to any dispute between the parties: "All disputes covered by this Agreement between EMPLOYEE and EMPLOYER shall be decided by an arbitrator through arbitration and not by way of court or jury trial." (Boldface omitted.)

In relevant part, section 6 of the Agreement provided:

"EMPLOYER and EMPLOYEE also hereby waive any right for any dispute to be brought, heard, decided or arbitrated as a representative action ("Representative Action Waiver"). However, this Representative Action Waiver may be severed if it would otherwise render this Agreement unenforceable in any action brought under a private attorneys general law, and following severance the representative action may be brought in a court of law."

In relevant part, section 14 generally provided: "[I]n the event any portion of this Agreement is deemed unenforceable, the unenforceable provision will be severed from the Agreement and the remainder of this Agreement will be enforceable."

On April 24, 2020, Zamano sued ISS and several other related defendants as a representative of the State of California, asserting a single cause of action pursuant to PAGA alleging

2

Labor Code violations by defendants against Zamano and other aggrieved ISS employees.

ISS filed a motion to compel arbitration of Zamano's claims pursuant to the Agreement to arbitrate all claims arising from their employment relationship. ISS asserted that *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. – [213 L.Ed.2d 179] (*Viking River*) required arbitration of Zamano's individual PAGA claims for Labor Code violations against him, and dismissal of the non-individual PAGA claims for violations against other employees for lack of PAGA standing. (*Id.* at p. – [213 L.Ed.2d 179, 201] [PAGA plaintiff "lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims"].)

The trial court denied ISS's motion to compel arbitration and to strike the non-individual PAGA claims. The court decided that the Agreement contained an illegal representative action waiver because it provided "a total ban" on the right to have any dispute decided or heard as a representative action, expressly including a PAGA claim. (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 360, 384 (*Iskanian*), overruled in part by *Viking River*, *supra*, 596 U.S. – [213 L.Ed.2d at p. 200] ["[A]n arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy" and "unenforceable as a matter of state law"].) Moreover, the court decided that the express terms of the Agreement required that the waiver provision be severed. Following severance, the Agreement expressly permitted any representative action to be brought "in a court of law."

3

ISS appeals and contends that the trial court failed to enforce the plain terms of the Agreement, the mutual intent of the parties, and the holding of *Viking River*.

Following the filing of ISS's opening brief and Zamano's responding brief, the California Supreme Court decided *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1114, holding that where a plaintiff has brought a PAGA action consisting of individual and non-individual claims, an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims (non-individual claims) on behalf of other employees pursuant to PAGA. ISS concedes that *Adolph* applies to its argument that Zamano lacks standing to bring an action for non-individual claims.

## DISCUSSION

ISS contends that the trial court erred by denying ISS's motion to compel arbitration of Zamamo's individual PAGA claim. In part, ISS relies upon the principle that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. (*Segal v. Silberstein* (2007) 156 Cal.App.4th 627, 633 ["Because of California's public policy that generally favors arbitration, we will uphold arbitration unless we can say with assurance that an arbitration clause cannot reasonably be interpreted to cover a dispute or otherwise cannot be enforced"].)

Where the trial court's order denying a motion to compel arbitration rests solely on an issue of law, we review that decision de novo. (*Seifu v. Lyft, Inc.* (2023) 89 Cal.App.5th 1129, 1136.)

The trial court was correct that the PAGA waiver in the Agreement is not enforceable. (*Iskanian, supra,* 59 Cal.4th 348, 360, 384.) An employee's right to bring a PAGA action is not

4

waivable. (*Id.* at pp. 382, 384.) The FAA does not preempt state law in that respect because the "FAA's goal of promoting arbitration as a means of private dispute resolution does not preclude our Legislature from deputizing employees to prosecute Labor Code violations on the state's behalf." (*Id.* at p. 360.)

We next consider the plain meaning and application of the severance clause. Section 6 of the Agreement provided: "[T]his Representative Action Waiver may be severed if it would otherwise render this Agreement unenforceable in any action brought under a private attorneys general law, and following severance the representative action may be brought in a court of law."

Contract language stating "representative actions" covers representative actions brought under PAGA. " '[E]very PAGA action, whether seeking penalties for Labor Code violations as to only one aggrieved employee – the plaintiff bringing the action – or as to other employees as well, is a representative action on behalf of the state.' " (*Iskanian, supra*, 59 Cal.4th 348, 387, italics omitted.) It is thus well settled and recognized that a PAGA claim is a representative action brought on behalf of the state to recover civil penalties. (*Viking River, supra*, 596 U.S. – [213 L.Ed.2d 179, 191]; *Kim v Reins International California, Inc.* (2020) 9 Cal.5th 73, 81.)

"Representative action" in section 6 of the Agreement, by its express terms, refers to "any action brought under a private attorneys general law." According to the Agreement, following severance for an invalid waiver of the right to bring a PAGA action, the "representative action may be brought in a court of law." The Agreement between Zamano and ISS was executed

5

four years after *Iskanian*, a 2014 decision, and we assume the Agreement followed *Iskanian*'s holding.

By contrast, *Viking River*'s severability clause provided that if the representative waiver provision was invalid in some respect, any " 'portion' " of the waiver that remained valid must still be " 'enforced in arbitration.' " (*Viking River, supra*, 596 U.S. – [213 L.Ed.2d 179, 200].) "Based on this clause, Viking was entitled to enforce the agreement insofar as it mandated arbitration of [plaintiff's] individual PAGA claim." (*Ibid.*)

The specific contract language in section 6 controls more general clauses in the Agreement. (*Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 251.) The Agreement itself recognizes this principle by language in section 1 that, "[e]xcept as otherwise provided in this Agreement, this Agreement applies to any dispute [between Zamano and ISS]." For this reason, we apply the section 6 severability clause over the more general section 14 severability clause. We also reject any argument that the more general severability clause requires severance of the specific section 6 severability clause.

### DISPOSITION

The order is affirmed. Zamano shall recover costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          BALTODANO, J.

6

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Armstrong Teasdale, Julie W. O'Dell and Drake A. Mirsch for Defendant and Appellant.

Lavi & Ebrahimian, Joseph Lavi, Jordan D. Bello and Danielle E. Montero for Plaintiff and Respondent